```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
              Criminal No. 10-294 (JNE/FLN)
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **POSITION OF THE UNITED STATES** |
| ) | **WITH RESPECT TO SENTENCING** |
| v. ) | |
| ) | |
| THEODORE STEVIE VARNER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

The United States of America, by and through its attorneys B. Todd Jones, United States Attorney for the District of Minnesota, and Karen B. Schommer, Assistant United States Attorney, hereby submits its position with respect to sentencing. The United States has no objections to the Presentence Investigation Report ("PSIR"). The Defendant has one objection, specifically to the United States Sentencing Guidelines ("the Guidelines") analysis wherein a four-point enhancement was given because the defendant possessed a firearm in connection with another felony offense, that is, possession of a controlled substance. Regardless of whether this enhancement applies, as the Defendant is an Armed Career Criminal, the Defendant's total offense level is 33. Neither party objects to this calculation. With a criminal history category of VI, the PSIR suggests a Guideline imprisonment range of 235 to 293 months followed by a term of supervised release of at least 3, but not more than 5 years.

Taking into account the factual statements contained in the Addendum, it appears neither party objects to the factual

statements contained in the PSIR; therefore, the United States does not anticipate calling any witnesses at the sentencing hearing.

**Relevant Factors Pursuant to 18 U.S.C. § 3553(a)**

**A.   Section 3553(a)(1)**

The Defendant was found guilty following a multi-day trial; therefore, the nature and circumstances of the offense are well known to the Court. However, the history and characteristics of the Defendant, particularly his criminal history, warrant further discussion. The Defendant's criminal activity started at the age of 20 when he committed, among other things, aggravated robbery. PSIR, ¶ 27. Over the next 20 years, the Defendant has been convicted of various felonies including credit card and other types of fraud, providing false information to the police, possession and sale of controlled substances, unlawful possession of a firearm, and domestic assault.

The Defendant's criminal history is so voluminous that it resulted in his receiving 34 criminal history points. PSIR, ¶¶ 25-46. Thirteen or more criminal history points results in a criminal history category of VI, which the Defendant already received by virtue of his being an Armed Career Criminal. PSIR, ¶ 46-47. In addition, the Defendant's criminal history category doesn't account for the crimes with which the Defendant has been charged over the years, but which have been dismissed, including felony terrorist threats and theft of a motor vehicle on two different occasions.

Given his plethora of convictions, the Defendant's criminal history category substantially under-represents the seriousness of the Defendant's criminal history and the likelihood that he will commit other crimes. As such, it is the position of the United States that a an upward departure is warranted based on sections 4A1.3(a)(1) and (a)(4)(B) of the Guidelines.

**B.    Section 3553(a)(2)**

An upward departure from the Guidelines range followed by a five-year term of supervised release will most faithfully effectuate Congress' intent that those individuals who make their life's work to commit crimes and illegally possess firearms be subject to severe penalties and will reflect the seriousness of the offense, promote respect for the law, and provide just punishment of the offense. Such a sentence will also provide the Bureau of Prisons and the United States Probation Office with time to evaluate the Defendant's counseling needs, and provide him with treatment and educational and vocational training opportunities to prepare the Defendant for his transition back into the community and life as a law-abiding and productive member of society. The Defendant has already completed the Barber Program at the Moler Barber School of Hairstyling and reports that he has begun taking college courses through the University of Phoenix online program. The Defendant can and should continue his course of study while incarcerated.

**C.   Sections 3553(a)(3), (4), (6) & (7)**

The PSIR does an adequate job of addressing these factors.

**D.   Section 3553(a)(5)**

Section 3553(a)(5) requires a sentencing court to consider "pertinent policy statements" issued by the Sentencing Commission. The Guidelines provisions governing departures are policy statements.  See, e.g., USSG § 4A1.3 (departures based on inadequacy of criminal history category). As previously stated, the Defendant's criminal history substantially under-represents the seriousness of the Defendant's criminal history and the likelihood that he will commit other crimes such that an upward departure may be warranted.

## Conclusion

For the reasons stated above, the United States submits that an upward departure is warranted in this case and respectfully requests that the Court impose a sentence above the Guidelines range as such a sentence is reasonable in light of the facts of this case and as guided by the factors set forth in 18 U.S.C. § 3553(a).

Dated:    May 17, 2011            Respectfully submitted,

                                  B. TODD JONES
                                  United States Attorney

                                  S/ Karen Schommer

                                  BY:  KAREN B. SCHOMMER
                                  Assistant U.S. Attorney