UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                                                     Criminal No. 10-294 (JNE/FLN)
                                                                                          ORDER

Theodore Stevie Varner,

        Defendant.

A jury found Theodore Stevie Varner guilty of being a felon in possession of a firearm. The Court sentenced him to 235 months' imprisonment. Varner appealed, and the Eighth Circuit affirmed. *United States v. Varner*, 678 F.3d 653 (8th Cir. 2012). Varner moved for a new trial based on newly discovered evidence. *See* Fed. R. Crim. P. 33. The government opposed the motion. For the reasons set forth below, the Court denies Varner's motion.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). To obtain a new trial on the basis of newly discovered evidence, the defendant must demonstrate (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) the defendant was diligent in attempting to uncover it; (3) the newly discovered evidence is material; and (4) the newly discovered evidence probably will result in an acquittal upon retrial. *United States v. Stroud*, 673 F.3d 854, 863 (8th Cir. 2012), *cert. denied*, 2013 WL 1091807 (U.S. March 18, 2013); *United States v. Rubashkin*, 655 F.3d 849, 857 (8th Cir. 2011), *cert. denied*, 133 S. Ct. 106 (2012).

Varner relied on recent reports of the St. Paul Police Department Crime Laboratory's poor practices to support his motion for a new trial. At trial, an officer assigned to the crime laboratory testified that he swabbed the firearm in an effort to collect DNA, that another laboratory analyzed the swab for DNA, that he processed the firearm for fingerprints, and that he

1

found "unidentifiable smudges" on it. A forensic scientist employed by the Minnesota Bureau of Criminal Apprehension testified that she analyzed the swab and that the swab yielded no DNA. On appeal, Varner argued that the evidence was insufficient to support the verdict because of a lack of forensic evidence that linked him to the firearm. *Varner*, 678 F.3d at 657. The Eighth Circuit rejected his argument:

> [F]orensic evidence is not necessary for a conviction. Both analysts who tested the firearm for forensic evidence testified the failure to find forensic evidence on the weapon was inconclusive and that such results were not out of the ordinary. One analyst stated he recovers identifiable fingerprints in only one percent of cases, and the other analyst testified to finding a DNA profile about half the time. A reasonable jury could have concluded the lack of forensic evidence was merely inconclusive and convicted Varner based on other evidence.

*Id.* (citation omitted).

The alleged poor practices of the St. Paul Police Department Crime Laboratory that form the basis of Varner's motion for a new trial are at most impeaching. Varner has not demonstrated that they would probably result in an acquittal upon retrial. The Court denies Varner's motion for a new trial. *Cf. United States v. Figueroa*, 421 F. App'x 23, 24-25 (7th Cir. 2011) (affirming denial of motion for a new trial based on newly discovered evidence of professional misconduct of forensic chemist who tested narcotics and testified at trial).

Varner also sought further DNA testing of the firearm. The Court denies the request. *See* 18 U.S.C. § 3600(a) (2006).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  Varner's Motion for New Trial [Docket No. 85] is DENIED.

Dated: March 22, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge