IN THE UNITED STATES DISTRICT COURT
FOR THE 8TH DISTRICT OF MINNESOTA


Theodore Stevie Varner
    Petitioner


v.                    |   Case No. 0:10-cr-00294-JNE-FLN


United States of America,
    Respondent

_____x

RECEIVED
BY MAIL
FEB 20 2018
CLERK US DISTRICT COURT
MINNEAPOLIS, MN

## HABEAS MOTION

Theodore Stevie Varner, hereinafter referred to as "Petitioner", brings
this action against the United States of America, hereinafter referred to
as either "Respondents," or "the government," to alter or amend judgment pursuant
to Fed.R.Civ.P.60(b), 18 U.S.C. 3742(a), Fed.Rules Crim.P Rules 33 and 52,
28 U.S.C 2241, and 28 U.S.C. 2255, the U.S. Constitution, and any or all other
applicable federal rules and statutes, specifically named or identified herein
or not, as necessary to effectuate judicial fundamental fairness and to enforce
all of his inalienable rights, privileges and protections as guaranteed by
the Constitution of the United States.  Pursuant to said laws, rules and statutes,
jurisdiction is vested in this Court to issue writs of habeas corpus in response
to a petition from a state or federal prisoner who "is in custody in violation
of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(a)
and (c)(3).  Petitioner herein meets this criteria.

    Congress may exercise its power to regulate the practice and procedure
of Federal courts by delegating to the Supreme Court of the United States

SCANNED
FEB 20 2018
U.S. DISTRICT COURT MPLS

- 1 -

or other Federal Courts authority to make rules not inconsistent with the statutes or Constitution of the United States.  Therefore, Petitioner brings this action in proper person, pro se, as an indigent, and as a citizen of the United States, and invokes his First Amendment right to petition for the redress of grievance without fee, misconstruance and evasion of duty on the part of Respondents; pursuant also to the Federal Rules of Civil Procedure, Title II, Rule 5(d)(4) which states: "Acceptance by the Clerk. The Clerk must not refuse to file a paper [motion] solely because it is not in the form prescribed by these rules or by a local rule or practice [including the payment of fees].

Petitioner also respectfully requests that the Court be mindful the Supreme Court has "insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed and [has] held that some procedural rules must give way because of the unique circumstances of incarceration." (citations and internal quotation marks omitted).  See Mala v. Crown Bay Marina, Inc., 704 F.3d, 239 (3rd Cir. 2012); Estelle v. Gamble, 429 U.S. 97 (1976)(same); and Haines v. Kerner, 404 U.S. 519 (1972)(same).

Additionally, the standard presumption in favor of finality for criminal judgments need not and should not be elevated over other critical criminal justice interests when a defendant seeks only to modify an ongoing prison sentence based on new legal developments.  See Douglas A. Berman, Re-Balancing Fitness, Fairness, and Finality for Sentences, 4 Wake Forst J.L. and Pol'y 151, 174 75 (2014).  Congress has expressed its concerns for those other criminal justice interests by creating significant sentencing exceptions to the usual presumption in favor of finality.  Appreciating the importance of getting sentences correct while an offender is still serving a prison sentence, Congress has astutely elevated substantive sentencing goals like accuracy, fairness and uniformity over concerns about finality.  Congress has claerly identified a need to eliminate unwarranted disparities in Federal sentencing, while simulatneously

promoting the government's legitimate substantive penological interests, fostering societal respect for the criminal justice system and saving long-term costs associated with excessive terms of incarceration.

Precedent case law "establishes that new [Supreme Court] decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively." Schriro v. Summerlin, 542 US 348, 351-2 (2004)("New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms...")(citing Bousley v. United States, 523 US 614, 620-21 (1998)). Such interpretive decisions "decid[e] for the entire country how courts should have read the statute since it was enacted. Kenemore, 690 F.3d at 641. They apply retroactively because they "necessarily carry a sginficiant risk that a defendant stands convicted of an act that the law does not make criminal..." Schriro, 542 U.S. at 352 (quoting Bousley, 523 US at 620)(quotation marks omitted).

In that new legal development and Supreme Court caselaw exist in this matter, as well as unaddressed plain error from the onset of Petitioner's sentencing and incarceration, this case blatantly demands correction pursuant to congressional intent as stated above. Petitioner herein seeks to modify and correct his ongoing sentence of incarceration accordingly, as dictated by the above and by his inalienable rights, privileges and protections as guaranteed to him by the Constitution of the United States.

## OVERVIEW

Petitioner seeks to have his sentence vacated, reversed and/or remanded to correct ACCA predicate mistakes made in his PSR and at sentencing, as recently dictated and demanded by cases such as Mathis, Pettis, Johnson, Eason, Townsend and many, many others. Citations herein below. Petitioner does not have the necessary predicate offenses to trigger enhanced mandatory sentencing pursuant to the ACCA. Justice demands this plain error be redressed. Petitioner

must be resentenced without ACCA enhancement, in accordance with new, recent Supreme Court caselaw and the hundreds of cases that have been vacated, reversed and remanded pursuant to the similar issues alleged and argued herein.

## APPLICABLE LAW ALLOWING THIS MOTION

Petitioner is entitled to relief from judgment because he meets the standards under Rules 59(e) and 60(b) for the consideration of newly discovered evidence as raised and set forth in numerous recent caselaw in this and many other circuits.  A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d, 1309, 1324 (10th Cir. 1997); Miller v. Kansas Highway Patrol, 383 Fed. Apps 813, 815 (10th Cir. 2010).  When attempting to introduce additional evidence, "the movant must show either (1)  that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence." McMahon v. Gaffey, Inc., 52 Fed.Appx. 90, 92 (10th Cir. 2002).  The first scenario applies to situations where the new evidence arose after the court's ruling--meaning it was not in existence at the time of judgment.  Bell v. Bd of County Comm'rs, 451 F.3d 1097, 1101-02 (10th Cir. 2006). Such is the case herein.

Similarly, Fed.R.Civ.P.60(b) provides that "on motion and just terms, the court may relieve a party...from a final judgment" where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," but, more importantly and as fits the instant matter, for "any other reason that justifies relief." Fed.R.Civ.P.60(b)(6).  Petitioner herein was incorrectly sentenced pursuant to an Armed Career Criminal Act (ACCA) enhancement, the plain error of which has been clearly set forth, proven and decided in numerous recent cases by this very circuit, as well as in many other circuits, and as set forth in

- 4 -

the various sections of this Motion below.

## NOTICE OF BLATANT PLAIN ERROR

The material evidence and recent caselaw submitted by Petitioner herein would very clearly produce a substantially different result (to Petitioner's benefit) as determined by any reasonable factfinder.  Petitioner should not have been sentenced pursuant to ACCA enhancement.  Petitioner respectfully requests this Court seriously consider this Motion pursuant to all applicable laws, statutes and constitutional guarantees,and to grant him relief from judgment.

## FACTS AND PROCEDURAL HISTORY

On or about 9 November 2010, Petitioner was charged in a one-count indictment by the U.S. government of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1).  Petitioner was found guilty at trial.

A Pre-Sentence Investigation Report (PSR) revealed Petitioner had three (3) prior state convictions considered felonies in the state of Minnesota. Two were drug convictions and the third was "simple robbery."  The PSR mistakenly identified the simple robbery conviction as an "aggravated robbery" conviction and used this conviction as a predicate to trigger designation as an armed career criminal.  Using this incorrect designation, the PSR then calculated total offense level and criminal history category in yielding an advisory guideline range for sentencing incarceration.

The PSR was then used by the sentencing court to erroneously sentence Petitioner under the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e). On or about 26 July 2011 Petitioner was sentenced to a term of incarceration of 235 months.  Petitioner contends that pursuant to Minnesota law, simple robbery does not qualify as a violent felony for purposes of triggering the ACCA.  For that matter, Petitioner's two (2) felony drug offenses also do not qualify as predicates for triggering ACCA enhancement.  See Mathis.

- 5 -

Petitioner has filed several other motions and appeals attempting to rectify the errors in his sentencing and requesting relief, all of which have been ignored, disregarded and denied in direct contravention to the constitution of the United States and federal and state laws and statutes.  He directly asserts plain error in applying the ACCA sentencing enhancements in his case.

Pursuant to the constitution of the United States, all applicable federal and state laws and statutes, and many recent, unequivocal court decisions (as further discussed and argued herein below), it is clear Petitioner should not have been identified and designated as an armed career criminal and thereby sentenced under the ACCA.  Petitioner seeks to have this designation under the ACCA as an armed career criminal be corrected, retracted and dismissed.

Petitioner then seeks to have his sentence of incarceration modified and shortened as appropriate and necessary, without ACCA designation or enhancements, to effectuate fairness and legality as dictated by the inalienable rights that are guaranteed to the Petitioner by the Constitution of the United States.  In the matter of Petitioner's sentencing, this will demand a total recalculation of his sentencing guidelines.  See Exhibit "E".  In that he has already served a sentence of incarceration for in excess of what would be required under the recalculated guidelines, this will necessitate his immediate release from incarceration.  In support of these requests, Petitioner states and argues as herein below.

## CONSTITUTIONAL CHALLENGES

In its Preamble, the People of the United States established the U.S. Constitution, in part, to "establish Justice."  Clause 2 of Article VI, also entitled "Miscellaneous Provisions," provides the Constitution of the United States "shall be the Supreme Law of the Land; and the Judges in every state shall be bound thereby, any thing in the Constitution or Laws of any State

- 6 -

to the contrary notwithstanding." It is an absolute that every provision of the constitution must be scrupulously obeyed to ensure every guaranteed right, privilege or protection afforded a criminal defendant be equally and judiciously applied. In the instant matter, there were serious failures in providing Petitioner these guarantees, resulting in extremely damaging gross violations of established constitutional doctrine to his detriment. These violations and errors must now be rectified by this Honorable Court. Petitioner herein respectfully urges this Honorable Court to be extremely cognizant of the awesome responsibility conferred upon it by the Constitution, and to diligently enforce and apply the rights, privileges and protections thereof as required to establish said Justice herein.

Accordingly, the Petitioner brings this action and challenges pursuant to the United States Constitution in its entirety, and more specifically pursuant to, but not limited to, the following Amendments thereto; all of which he alleges were violated in adjudicating his matter:

- The First Amendment, entitled "Religious and Political Freedom," which states in part: "Congress shall make no law...abridging...the right of the people...to petition the Government for a redress of grievances."

Petitioner has brought previous claims for redress of grievances, which have been unreasonably denied.

- The Fourth Amendment, entitled "Unreasonable searches and seizures," which states in part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and sizures, shall not be violated..."

Petitioner's person has been unreasonably seized in that he is being incarcerated and deprived of his freedom for longer than justice requires as dictated by the Constitution, laws, statutes and provisions of the laws

of the United States and the various jurisdiction therein.

- The Fifth Amendment, entitled "Criminal actions--provisions concerning'-
  -Due process of law and just compensation clauses," which states in
  part: "No person shall be held to answer for a capital, or otherwise
  infamous crime, unless on a presentment or indictment of a grand jury;
  ...nor shall any person be subject for the same offense to be twice
  put in jeopardy of life or limb; nor shall be compelled in any criminal
  case to be a witness against himself, nor be deprived of life or liberty
  or property, without due process.

Petitioner has  been deprived of liberty without due process of law,
due to the errors and mistakes made in his case; the result of which was a
vastly and unreasonably lengthened sentence of incarceration.

- The Sixth Amendment entitled "Rights of the Accused", which states
  in its entirety: "In all criminal prosecutions, the accused shall
  enjoy the right to a speedy and public trial by an impartial jury
  of the state and district wherein the crime shall have been committed,
  which district shall have been previously ascertained by law, and
  to be informed of the nature and cause of the accusation; to be confronted
  with the witnesses against him; to have cumpulsory process for obtaining
  witnesses in his favor, and to have the assistance of counsel for
  his defense."

Petitioner challenges the jurisdiction of Respondents to convict, sentence,
or incarcerate him for his alleged crime, and demands strict proof that the
district and jurisdiction of Respondents has been previously ascertained by
law.  Petitioner alleges sole jurisdiction to prosecute him rested solely
in the state of Minnesota, in that the jurisdiction for this matter was reserved

- 8 -

by the U.S. Constitution for the states.  See the Tenth Amendment, below.

Petitioner further alleges he was deprived of his inalienable right to have assistance of counsel for his defense, in that counsel failed to correct the errors in his PSR and at sentencing that led to ACCA mandatory enhancement; counsel failed to challenge jurisdiction per above; and counsel failed to diligently and ardently protect Petitioner's guaranteed rights, privileges and protections.

- The Eight Amendment entitled, "Bail-Punishment," which states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

Petitioner alleges the mistakes and errors made in his matter resulted in grossly excessive incarceration, and constitutes the infliction of cruel and unusual punishment as prohibited by the U.S. Constitution; stated above.

- The Ninth Amendment, entitled "Rights retained by people," which states: "The enumeration in the constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

Petitioner alleges many of his guaranteed and inalienable rights, privileges and protections have been denied and disparaged by Respondents' obscene actions in direct violation of this section.

- The Tenth Amendment, entitled "Powers reserved to states or people," which states: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people."

Petitioner again challenges the jurisdiction of Respondents' to convict and incarcerate him, alleging the power to indict, convict and incarcerate him for his underlying crime was reserved solely by the state of Minnesota. Simply put, the government is in direct violation of the Constitution it is sworn to serve by illegally asserting jurisdiction or venue to prosecute this matter, illegally incarcerating Petitioner and illegally depriving him of his freedom.

- 9 -

Petitioner herein asserts that his sacred and iviolable rights and protections as guaranteed by the Constitution of the United States (in which he reesides as a proper person and is a citizen thereof) have been greviously violated as discussed, challenged and argued herein.  Petitioner hereby demands, with respect for this Honorable Court, that these gross violations be properly addressed, redressed and rectified appropriately.

## THE ACCA FRAMEWORK

Under the ACCA, a defendant who is convicted of being a felon in possession of a firearm is subject to a 15-year mandatory minimum sentence if he has three prior convictions "for a violent felony or serious drug offense." 18 U.S.C. §924(e)(1).  The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that:

    (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii) is burglary, arson, or extortion, involves use of explosives, or or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. §924(e)(2)(B).  This case involves only the first part of that definition, §924(e)(2)(B)(i), which is known as the elements clause.

"Whether a particular conviction is a violent felony for purposes of the ACCA is a question of law we consider de novo." United States v. Gundy, 842 F.3d 1156, 1160 (11th Cir. 2016).  The answer here depends on whether one of the elements required by the statute of conviction is "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §924(e)(2)(B)(i).  If so, the conviction qualifies as a violent felony; if not, it doesn't.

To determine whether the statute of conviction "has as an element the use, attempted use of physical force against the person of another," id, we

- 10 -

are confined to looking at the fact of conviction and the elements required for conviction. United States v. Hill, 799 F.3d 1318, 1322 (11th Cir. 2015); United States v. Braun, 801 F.3d 1301, 1303 (11th Cir. 2015); United States v. Estrella, 758 F.3d 1239, 1249 n.4 (11th Cir. 2014); see also Taylor v. United States, 495 US 575, 600, 110 S.Ct. 2143, 2159 (1990). "All that counts...are the elements of the statute of conviction," not the "specific conduct of a particular offender." Mathis v. United States, 579 US____, 136 S.Ct. 2243, 2251-52 (2016)(quotation marks omitted).

We apply federal law in interpreting the ACCA, but state law in determining the elements of state offenses, keeping in mind that state law is what the state supreme court says it is.  Johnson, 559 U.S. at 138, 130 S.Ct. at 1269 (explaining that when deciding whether a prior conviction is a "violent felony" under the ACCA, "[w]e are ...bound by [a state court's] interpretation of state law, including its determination of the elements of [the statute of conviction]"); Braun, 801 F.3d at 1303 ("We are bound by federal law when we interpret terms in the ACCA, and we are bound by state law when we interpret the elements of state-law crimes."); Estrella, 758 F.3d at 1249 n.4 (explaining that "the question we are answering here is whether those elements as defined by state law, including state court decisions," qualify for a federal sentence enhancement); United States v. Rosales-Bruno, 676 F.3d 1017, 1021 (11th Cir. 2012)("[W]e look to [state] case law to determine whether a conviction under [a state statute] necessarily involves the employment of 'physical force' as that term is defined by federal law.")

The Supreme Court has held that we must first employ what is known as the "categorical approach." Hill, 799 F.3d at 1322.  Under that approach, regardless of what the true facts are, "we presume that the state conviction rested upon the least of the acts criminalized by the statute...." Esquivel-Quintana v. Sessions, 581 US _____, 137 S.Ct. 1562, 1568 (2017)(alterations and quotation

marks omitted); see, e.g. Braun, 801 F.3d at 1307.  And then we must decide
if the least of the acts criminalized includes the use, attempted use, or threatened
use of physical force against another person, 18 U.S.C. §924(e)(2)(B)(i).
If not, that is the end of our inquiry and the prior conviction does not count
as a violent felony under the elements clause.

The inquiry is more complicated if there are multiple ways to commit the
crime that the statute defines.  If that is so, as it often is, we have to
determine whether the statute is indivisible, meaning that it includes multiple
ways of committing the same offense, or is instead divisible, meaning that
it lists multiple offenses.  Mathis, 136 S.Ct. at 2249.  If the statute is
indivisible, we use the categorical approach.  In that case a conviction under
it qualifies as a violent felony only if all of acts criminalized in the statute
involve the use of physical force against the person of another.

But if the statute is divisible, we employ a modification of the categorical
approach, aptly known as the "modified categorical approach," to determine
"which crime in the statute formed the basis of the defendant's conviction."
Gundy, 842 F.3d at 1162.  Under the modified categorical approach, we can look
at certain judicial records, such as the indictment or the plea colloquy, in
order to determine which of the multiple crimes listed in the statute the defendant
was convicted of committing.  Shepard v. United States, 544 U.S. 13, 26 125
S.Ct. 1254, 1263 (2005).  If we can tell "which statutory phrase the defendant
was necessarily convicted under," United States v. Howard, 742 F.3d 1334, 1345
(11th Cir. 2014), we return to the categorical approach and apply it to the
statutory phrase.  Doing so requires us to decide whether the least of the
acts criminalized by that statutory phrase (instead of whether all of the acts
criminalized by all of the statutory phrases) includes the use, attempted use,
or threatened use of physical force against another person, as required by
the ACCA's elements clause, 18 U.S.C. §924(e)(2)(B)(i).  The Supreme Court

- 12 -

has held that the "physical force" that the elements clause requires is "violent force--that is, force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140, 130 S.Ct. at 1271.

The question faced in this appeal is whether Minnesota's simple robbery statute, as interpreted by the Minnesota Supreme Court, necessarily includes as an element the use, attempted use, or threatened use of violent physical force. "Distinguishing between elements and facts is therefore central to ACCA's operation. 'Elements' are the 'constituent parts' of a crime's legal definition--the things the 'prosecution must prove to sustain a conviction.'" Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed.2d 604; 2016 U.S. LEXIS 4060.

Secondarily, is whether the Petitioner has other convictions which would act as predicates triggering an ACCA enhancement (which he does not, as discussed below).

This section, entitled, "THE ACCA FRAMEWORK", is largely adopted in its entirety as stated by Chief Judge Ed Carnes in his opinion in the case of United States v. Davis, No.16-10789, D.C. Docket No. 1:15-cr-00158-CG-B-1 (11th cir, Ct. App., Nov. 7, 2017), in which Davis' sentence "is VACATED and the case is REMANDED for resentencing without the ACCA sentence enhancement." As argued and proven below, this must be the same outcome concluded by and demanded by this instant matter on behalf of Petitioner herein.

<u>INCORRECT ACCA ENHANCEMENT AND COLLATERAL REVIEW</u>

Petitioner asserts the district court erred by sentencing him as an armed career criminal under 18 U.S.C. §924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions for a violent felony or a serious drug offense, or both...such person...shall be imprisoned not less than fifteen years..."). Petitioner had two (2) previous felony drug convictions when he was convicted of the instant matter underlying felony of

- 13 -

simple robbery.   He was subsequently convicted by the federal government as
a felon in possession of a firearm as stated above, and the simple robbery
was erroneously used to trigger ACCA sentence enhancement. · This was blatant
error.  Pursuant to appropriate collateral review as dictated in Mathis and
Johnson, et. al., none of these convictions would qualify as ACCA triggering
predicates.  See Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed.2d.604;
2016 U.S. LEXIS 4060.  See Exhibit "B"--Record of Felony Convictions.

On June 26, 2015, the Supreme Court in Johnson  v. United States, 135
S.Ct. 2551 (2015)("Johnson II") struck for vagueness the residual clause of
the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B)(ii).  A year
later in Welch v. United States, the Supreme Court found Johnson II "retroactive
to cases on collateral review."  136 S.Ct. 1257, 1265 (2016).  By logical extension,
Johnson II invalidates the similarly worded residual clause of Section 924(c)(3)(B).

"The Welch decision is clear: Johnson II announced a "substantive" rule
with "retroactive effect in cases on collateral review."  136 S.Ct. at 1265
(emphasis added).  Tellingly, Welch lacks conditional language that would limit
its holding to collateral attacks on sentences imposed pursuant to the ACCA.
See id. The Supreme Court simply held that Johnson II applies retroactively."
This should certainly hold true under mandated collateral review in the instant
case for this Petitioner as well.

"We review de novo whether a prior conviction is a predicate offense under
the ACCA."  United States v. Shockley, 816 F.3d 1058, 1062 (8th Cir. 2016)( quoting
United States v. Humphrey, 759 F.3d 909, 911 (8th Cir. 2014)); as set forth
in United States v. Eason, 829 F.3d 633, 2016 U.S. App.LEXIS 12916, 2016.
In determining whether a prior conviction qualifies as a predicate offense
for purposes of the ACCA sentencing enhancement, the court must first apply
the categorical approach, looking "only to the fact of conviction and the statutory
definition of the prior offense."  United States v. Shockley, 816 F.3d at 1063

- 14 -

(quoting <u>Taylor v. United States</u>, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)); again as set forth in <u>Eason</u> (cited above).

The de novo review mentioned above has already been conducted in the instant matter, with regard to Petitioner's simple robbery conviction incorrectly used as a predicate for ACCA sentencing enhancement. As clearly and definitely set herein below, a conviction for Minnesota simple robbery does <u>not</u> qualify as a predicate triggering the ACCA. Justice demands Petitioner's sentence be vacated and remanded for re-calculation without the ACCA enhancement.

## MINNESOTA SIMPLE ROBBERY

Petitioner's record of felony conviction is incontrovertible. There can be no dispute of fact when said record is maintained and provable by the government's own records and data. Petitioner has <u>never</u> been convicted of aggravated robbery in Minnesota or any other jurisdiction. The sentencing court committed plain error by incorrectly characterizing Petitioner's previous felony as aggravated robbery, when, in fact, it was "simple robbery", and then using this erroneous characterization as an ACCA predicate to enhance his sentence of incarceration.

Petitioner acknowledges his previous Minnesota felony conviction for simple robbery, U.S.S.G §4B1.1's langauge clearly focuses on the Defendant's conviction, not the Defendant's conduct in a particular case. See <u>U.S. v. Reyes</u>, 691 F.3d 453, 2012 U.S. App.LEXIS 18358. Generally a sentencing court must limit itself "to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." <u>Shepard v. United States</u>, 544 U.S. 13, 16 (2005); see <u>Johnson</u>, 130 S.Ct. at 1273. This general limitation on the sentencing court's inquiry is driven by U.S.S.G §4B1.1(a)'s focus on the Defendant's prior conviction, rather than the conduct underlying the conviction, as well as a need to avoid collateral trials. See <u>Taylor v. United States</u>, 495 U.S. 575, 600-01 (1990)(analyzing nearly identical language in the ACCA).

- 15 -

Petitioner's sole previous Minnesota robbery was for "simple robbery"--not "aggravated robbery" as indicated in the PSR.  The PSR, however, is not itself evidence that the court is authorized to consult in determining the nature of Petitioner's ACCA predicates.  See Hunt v. United States, 2017 U.S. Dist.LEXIS 89387.  Therefore the Court may only consider the actual record of convictions, which for this Petitioner will clearly indicate "simple robbery." The next question is whether a Minnesota "simple robbery" conviction qualifies as a predicate conviction that can trigger an ACCA designation and subsequent enhancement.

This question was definitelvey answered "no, it does not qualify" the the Federal District for Minnesota on December 19, 2016, in the case of U.S. v. Townsend, 224 F.Supp.3d 816.  This is new, unknown evidence and case law directly affecting Petitioner's case, and supporting Petitioner's right to bring this action pursuant to a Habeas Rule 60 motion.

The opinion in Townsend stated "the Minnesota state court cases discussed in Pettis (citation below) that held simple robbery could be based on trivial or slight touching" and continued by saying the court agrees with Judge Schiltz and holds that--in light of Eason (citation below) and Minnesota state court rulings--Minnesota simple robbery is not a conviction of a violent felony for purposes of triggering ACCA enhancement.  See U.S. v. Pettis,  2015 U.S. Dist. LEXIS 154439 (D.Minn., Oct. 28, 2015) and U.S. v. Eason, 829 F.3d 633, 2016, U.S. App.LEXIS 12916 (D.Minn., 14 July 2016).

Based upon the opinions above, it is very clear that Minnesota simple robbery is not a predicate offense for purposes of ACCA enhancement.  The sentencing court in this matter plainly erred by solely utilizing the incorrect PSR during sentencing deliberations.  As discussed, the PSR is not in and of itself evidence that can properly be considered during sentencing consideration.  Only the Defendant's actual record of felony convictions may be considered.  Petitioner

- 16 -

has two prior convictions for Minnesota drug-related felonies, and one prior
felony conviction for Minnesota simple robbery.  In this case, the convictions
necessary to qualify for ACCA sentencing enhancement do not exist.

<u>MINNESOTA AGGRAVATED ROBBERY</u>

As a complete aside, even had Petitioner ever been convicted of a Minnesota
"aggravated robbery" felony--which he has <u>Not</u>, this felony still would not
have been a triggering predicate offense for purposes of ACCA enhancement either.
In the state of Minnesota there are multiple ways to commit the crime statutorily
defined as "aggravated robbery."  This raised the issue of whether the statute
is indivisible (multiple ways of committing the same offense) or divisible
(lists multiple offenses), pursuant to <u>Mathis v. United States</u>, 136 S.Ct. 2243;
195 L.ED.2d 604; 2016 U.S. LEXIS 4060; et.al. Being divisible, it is necessary
to employ the "modified categorical approach" as set forth in the section entitled
"The ACCA Framework" herein above.  Pursuant to that approach it still fails
to trigger the ACCA enhancement.

In his opinion in <u>U.S. v. Pettis;</u> 2016 U.S. Dist. LEXIS 127524, (U.S.
District Court for the District of Minnesota), Judge Schlitz first considered
whether Minnesota simple robbery qualified as an ACCA predicate offense.  2016
WL 5107035 at 2-3.  He concluded it was <u>Not</u> a predicate offense because, according
to Minnesota State court cases, it was possible to be convicted of the crime
without using the strong, substantial, or violent degree of physical force required under Johnson
(see <u>Johnson v. United States</u>, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.201 (2010)). He then considered
whether Minnesota first-degree aggravated robbery added the element of violent physical force
necessary for an ACCA predicate offense. He held that Minnesota's first degree aggravated robbery
statute is divisible, wherein a conviction under the dangerous weapons prong is not an ACCA predicate
offense, while a conviction under the inflicting bodily harm prong is a predicate offense.  See
<u>United States v. Townsend</u>, 224 F.Supp.3d 816.  Even under an aggravated robbery conviction in this
Petitioner's case the inquiry under the inflicting bodily harm prong would have failed, meaning it
<u>still</u> would not have been a predicate offense.

- 17 -

"Under the ACCA, a defendant who is convicted of being a felon in possession of a firearm is subject to a 15-year mandatory minimum sentence if he has three prior convictions" for a violent felony or a serious drug offense."" See United States v. Davis (No. 16-10789)(11th Cir. Nov. 7, 2017). Petitioner acknowledges his two prior convictions for felony drug offenses, but they also do not qualify to trigger ACCA enhancement. See Mathis. Minnesota simple robbery (and for that matter, Minnesota Aggravated Robbery) clearly does not qualify as a triggering predicate offense for ACCA enhancement. Three convictions were needed pursuant to stringent ACCA requirements, and no qualifying convictions exist for this Petitioner. This very Court itself has recently stated simple robberies (and aggravated robberies) are not predicate offenses under the ACCA.

In the matter at hand, the predicate offenses that would trigger ACCA sentencing enhancement for this Petitioner do not exist. Recent case law is numerous and inequivocable on this point. The sentencing court committed plain error by characterizing Petitioner as an armed career criminal based solely on a PSR which was prepared incorrectly in his case. There never was an ACCA triggering predicate offense in this matter. Fundamental fairness, federal and state stautues and the inalienable rights guaranteed by the Constitution of the United States demand Petitioner's sentence be vacated and his matter be remanded for re-sentencing.

### PLAIN ERROR

Petitioner has never been convicted of Aggravated Robbery in Minnesota or any other jurisdiction. Simply put, plain error was committed when the PSR prepared by the government classified Petitioner as being convicted of Aggravated Robbery in the State of Minnesota. This error was propounded in the PSR by the government when using this information as a predicate for triggering the Armed Career Criminal Act (ACCA) for purposes of sentencing.

Under plain error review the court has the authority to raise sua sponte

- 18 -

and review for critical issues affecting a criminal defendant's substantial rights.  The court has the discretion to reverse if (1) there is an "error"; (2) the error is plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  U.S. v. Greer, 631 F.3d 608, (2d Cir. 2011) as quoted in United States v. Reyes, 691 F.3d 453, 2012 U.S. App LEXIS 18358.  All four elements of review exist in this matter.

First, the court clearly erred by using a proveably incorrect record of felony convictions to sentence Petitioner pursuant to ACCA enhancement. Second, the error is plain on its face as it is proveable utilyzing the government's own records.  Moreover, this error was even acknowledged at sentencing as evidenced by the transcript of the sentencing hearing (See Exhibit "A"). Third, Petitioner's substantial rights have been seriously and negatively affected by an elevated offense level under the Guidelines and a much longer and Draconian sentence of incarceration than would otherwise have been necessitated. Had he not been incorrectly sentenced pursuant to the ACCA, his sentence would have been dramatically shorter, and he could have returned to providing for and caring for his family and a life as a useful and productive citizen. Fourth and finally, this error seriously affects the fairness, integrity and public reputation of judicial proceedings as it has a potentially unfair and negative effect on the sentencing of thousands of defendants--needlessly costing the public millions of dollars in unnecessary incarceration expenses and draining court resources, etc.

The sentencing court herein had a duty to verify the facts of Defendant/Petitioner's background without blindly relying on the PSR prior to sentencing him to an incorrectly enhanced period of incarceration.  See United States v. Boykin, 669 F.3d 467 (4th Cir. 2012)(Defendant's sentence, which included ACCA enhancement, was vacated as it was plain error for court to use PSR's recitation facts

to determine that defendant's convictions occurred on different occasions without having first satisfied itself that PSR bore earmarks of derivation from Shepard-approved sources, and error affected substantial rights.); United States v. Barney; 955 F.2d 635, 640 (10th Cir. 1992).

The sentencing court in Petitioner's matter clearly and unrefutedly committed blatantly plain error when it used the PSR's recitation of facts to incorrectly enhance his sentence pursuant to the ACCA.  As noted above it should have first satisfied itself that Petitioner's underlying convictions adequately supported the ACCA enhancement--which they very clearly do not.  This error seriously and proveably affected Petitioner's substantial rights to his significant detriment.

Petitioner in this matter even contested this issue of error in his PSR when he (through his attorney) attempted to clarify the actual conviction during sentencing.  See the transcript of the sentencing hearing (Exhibit "A"), as well as Exhibit "C"--Pre-Sentence Investigation Report (PSR).  He continued to contest this issue in subsequent appeals.  Even had he not contested the issue it would not have mattered, as discussed in the section herein below entitled "Prior Conduct".

The Government's own records support Petitioner's contention that the sentencing court committed plain error when enhancing his sentence under the ACCA.  Substantital recent case law decisions also clearly support this contention, as thoroughly discussed above.  See Exhibit "D" attached hereto, containing a substantial partial list of cases vacated, reversed and/or remanded by the 8th Circuit Court of Appeals for Minnesota, due to plain error, PSR mistakes and/or ACCA predicate mistakes, all of which exist in Petitioner's matter herein.  Justice demands Petitioner's sentence be vacated and his matter remanded for re-sentencing without ACCA enhancement.

## PRIOR CONDUCT

As clearly established herein the court may not look at conduct of prior offenses for purposes of ACCA enhancement, but only prior convictions and the elements thereof.  Regardless of Petitioner's prior conduct this conduct could not have been used to trigger an ACCA enhancement.  The PSR...is not itself evidence that the Court is authorized to consult in determining the nature of Petitioner's ACCA predicates, when the state court record of conviction is in dispute.  See Simmons, 649 F.3d at 243, as quoted in Hunt v. United States, 2017 U.S. Dist LEXIS 89387.  Petitioner was convicted of a Minnestoa simple robbery, and only the actual conviction is the overriding factor in determining ACCA enhancement.  See Taylor, supra.

Despite Petitioner's established contest of the PSR, it would not have mattered if he had not contested this issue.  A "sentencing court may not rely on a PSR's description of a defendant's pre-arrest conduct [or conviction(s) as established herein] that resulted in a prior conviction to determine that the prior offense constitutes 'a crime of violence...even where the Defendant does not object to the PSR's description.'"  The focus is on the conviction, not the conduct, and not whether or not it was previously contested.  See United States v. Reyes, 691 F.3d 453, 2012 U.S. APp.LEXIS 18358.

Reliance on the PSR's uncontested description of pre-arrest conduct that resulted in a defendant's prior conviction to determine whether that prior conviction constitutes one for a crime of violence [and subsequent ACCA enhancment] is improper.  Id.

It is abundantly clear that Petitioner's prior conduct could not be examined or used by the sentencing court for purposes of ACCA sentence enhancement.  The sentencing court should only have considered prior convictions.  Prior convictions of Petitioner did not constitute triggering predicate offenses for ACCA sentencing enhancement.  This Court has a duty to correct its own

- 21 -

error as it has done in many recent cases.  See Exhibit "D".  Again, fundamental fairness, Federal and state statutes and the inalienable rights guaranteed by the Constitution of the United States demand Petitioner's sentence be vacated and his matter be remanded for re-sentencing without ACCA enhancement.

## CONCLUSION

"The burden of proof is upon Petitioner to establish [his claim] by a preponderance of the evidence."  Miller v. United States, 261 F.2d 546 (4th Cir. 1958).  Petitioner has substantially and definitively proven each and every allegation made herein.  Petitioner properly brings this Motion under applicable federal rules and statutes and pursuant to violations of his inalienable rights, priveleges and protections guaranteed to him by the Constitution of the United States, said violations as clearly set forth herein.  Congress has mandated critical criminal justice interests take precedence over finality of judgment.  Supreme Court decisions apply retroactively and the plethora of recent caselaw completely support Petitioner's contentions.  Justice and fairness demand Petitioner be treated in accordance with the hundreds of recent cases in which plain error was corrected and illegal ACCA sentencing enhancments removed.  See Exhibit "D".  "Coherence has a claim on the law."  Mathis v. United States, 136 S.Ct. 2243; 195 L.Ed.2d 604; 2016 U.S. LEXIS 4060.

Petitioner has clearly and articulately investigated and presented the intricacies of the ACCA framework.  He has identified and proven his ACCA sentencing enhancement as being incorrect and illegal, and that he does not have the prerequisite felony convictions necessary to trigger said enhancement. Petitioner has proven his Minnesota simple robbery felony conviction is not an ACCA predicate offense--and for that matter neither is the aggravated robbery wrongly mentioned in his PSR.  Moreover, his two previous felony drug convictions also do not qualify as predicate offenses.  Petitioner has proven through

- 22 -

caselaw that only the elements of offenses prevail, and that prior conduct in an offense may not be considered for purposes of ACCA sentending enhancement. Petitioner has quoted volumnous recent prevailing caselaw in support of his statement and allegations.

Petitioner has adequately demonstrated the blatant plain error associated with his sentence of incarceration. "But to prevail on plain error review, [Petitioner] must do more than show that the district court committed an obvious error. He must further demonstrate that the error affected his 'substantial rights'—i.e. , that it 'affected the outcome of the district court proceedings." United States v. Marcus, 628 F.3d 36, 42 (2d Cir. 2010), as quoted in United v. Reyes, 691 F.3d 453, 2012 U.S. APP LEXIS 18358, which further stated "The district court's error in sentencing Reyes as a career offender on this record affected his substantial rights because it resulted in an elevated offense level under the Guidelines. We must vacate the sentence imposed by the district court and remand for proceedings consistent with the opinion." Id. (emphasis added). Petitioner also suffered a substantially elevated offense level, which should and must be corrected by this court for the same reasons above.

"Petitioner has met the threshold conditions for relief",...and "has a meritorius 2255 claim. Accordingly, because of the impact of the court's mistake on resolution of that claim, Petitioner has demonstrated exceptional circumstances justifying relief under Rule 60(b)(6)." Hunt v. United States, 2017 U.S. Dist. LEXIS 89387. Petitioner in the instant case has met the same threshold conditions for relief. He has demonstrated exceptional circumstances justifying said relief, has identified plain error by the court, and has proven beyond any reasonable doubt these errors and violations of his Constitutional rights, protections and privileges have seriously affected his substantial rights.

In sum, because Petitioner's previous felony convictions do not qualify

as ACCA predicates, Petitioner does not qualify for ACCA [or other] enhancement and was erroneously [and illegally] sentenced thereunder.  To adequately effectuate justice and fairness and enforce his constitutional rights, this Court must grant Petitioner's Motion herein, vacate his sentence and set the matter for resentencing without said enhancement at the next available term of court.

Whereby, for all of the reasons, contentions and allegations stated and adequatedly and substantially proven herein, Petitioner hereby respectfully requests and demands of this Honorable Court the following:

A.   The Court grant Petitioner's Habeas Motion to alter judgment, pursuant to Federal Rule of Civil Procedure 60 and any other applicable laws, rules or statutes, and vacate the Court's order and judgment in the instant matter.

B.   The Probation Office be directed to investigate, prepare, file under seal, and publish to the appropriate parties an updated presentence investigation report (PSR) and sentencing memorandum, to include proper recalculation of Petitioner's corrected advisory guidelines range; said report and memorandum to accurately reflect Petitioner's two (2) previous Minnesota drug convictions and one previous Minnesota conviction for simple robbery.

C.   The plain error resulting in Petitioner's designation as an armed career criminal pursuant to the ACCA be corrected, and his designation as such be reversed and removed.

D.   Petitioner's sentence of incarceration be vacated, reversed and remanded.

E.   Petitioner's sentence of incarceration be re-calculated based on corrected guidelines not including ACCA or other unnecessary enhancements.  See Exhibit "E."

F.   In that Petitioner has already served a length of incarceration in excess of that required by correctly calculated sentencing guidelines, he be immediately

released from incarceration.

G.   Petitioner be granted an appropriate hearing on all issues, allegations
and complaints raised herein this Motion, and said hearing be conducted in
front of and decided by a jury of his peers pursuant to his rights as guaranteed
by the Constitution of the United States.

H.   The clerk be directed to schedule Petitioner for a hearing to include
resentencing at the next available regularly scheduled term of court.

I.   The government be directed to ensure Petitioner's timely writ, transportation,
and housing for the resentencing hearing, making appropriate allowances for
Petitioner's health issues and handicaps to include, but not be limited to
his need for a wheelchair and other necessary handicap accommodations.

J.   Petitioner be granted such other and further relief as the nature of
his case may require.

Respectfully Submitted,

Theodore Stevie Varner, Petitioner

Feb. 12, 2018

- 25 -

CERTIFICATE OF SERVICE

I hereby certify on the ___12 +h___ day of February, 2018, I Theodore S. Varner, the undersigned Petitioner, did serve a copy of the foregoing Habeas Motion, by the United States Postal Service, using U.S. dollars, certified, return receipt requested, upon the parties listed below.

Respectfully Certified,

Theodore S. Varner,
Petitioner

Clerk of Court
Fed. Dist. Ct. for Minnesota
300 S. 4th St., Suite 202
Minneapolis, MN 55415

* With a written request to the Clerk, copies may be forwarded to the Office of the Prosecutor, the applicable Judge(s) and any other interested parties.