<u>EXHIBITS</u>

Exhibit A:          Sentencing Transcript

Exhibit B:          Record of Felony Convictions

Exhibit C:          PSR showing incorrect felony record of Aggravated
                    Robbery, when actual Court records will clearly
                    indicate it was a Simple Robbery felony conviction.

Exhibit D:          Partial list of remanded, reversed or vacated cases.

Exhibit E:          Sentencing Guidelines

SCANNED
FEB 2 0 2018
U.S. DISTRICT COURT MPLS

<u>EXHIBIT "A"</u>

<u>Sentencing Transcript</u>

The following nine (9) pages are the pertinent pages from the sentencing transcript of Petitioner Theodore S. Varner, in which he clearly is convicted of, and sentenced for Minnesota SIMPLE ROBBERY.

Theodore Stevie Varner - File No. 4675113

1           The matter now is charged with a count of

2     Aggravated Robbery and a count of Simple Robbery.  The

3     count of Aggravated Robbery will be dismissed and Mr.

4     Varner will enter a plea to the Simple Robbery.

5           And that is the only plea agreement, except the

6     court has indicated to me that it is a presumptive sentence

7     of 18 months and that there will be a presentence report,

8     and if Mr. Varner does not, there is nothing in there that

9     would cause the court to require the court to change its

10    mind then the sentence would be stayed.

11        THE COURT:  Okay.  Is that your understanding, Mr.

12    Robinson?

13        MR. ROBINSON:  It is, Your Honor.

14        THE COURT:  Mr. Varner, have you had enough time to

15    discuss this matter with your attorney?

16        THE DEFENDANT:  Yes.

17        THE COURT:  Have you talked to him about the facts of

18    the case?

19        THE DEFENDANT:  Yes.

20        THE COURT:  And have you talked to him about your legal

21    rights?

22        THE DEFENDANT:  Yes.

23        THE COURT:  Okay.  And you understand that the plea

24    agreement is that if you plead guilty to Simple Robbery the

25    other charge of Aggravated Robbery, which is a required

Second Judicial District - April 25, 1990          3

Theodore Stevie Varner - File No. 4675113

1    prison sentence, would be dismissed?

2        THE DEFENDANT:  So I'm charged with two counts of

3    robbery?

4        THE COURT:  No.  You're charged with Aggravated

5    Robbery, one count, right now; one count of Aggravated

6    Robbery, as I understand it.  True?

7        MR. ROBINSON:  Yes.

8        THE COURT:  All right.  And if you agree to plead

9    guilty to Simple Robbery, which does not carry a

10   presumptive prison sentence, which means you can still get

11   jail time, not prison, if you plead guilty to Simple

12   Robbery, the Aggravated Robbery will be dismissed, the

13   original charge would be dismissed?

14       THE DEFENDANT:  All right.  I will plead guilty.

15       THE COURT:  Do you understand that, though?

16       THE DEFENDANT:  Yes.

17       THE COURT:  Okay.

18       MR. ROBINSON:  Your Honor, I think you may have made a

19   misstatement.  The original charge was Simple Robbery, so

20   we would be going back to the original charge of Simply

21   Robbery and dismissing the amended complaint.

22       THE COURT:  All right.  All right.  That's what we're

23   talking about.

24       THE DEFENDANT:  I don't understand that.

25       THE COURT:  Okay.  Well, --

Theodore Stevie Varner - File No. 4675113

1   MR. KLAS:  Well, you remember, Mr. Varner, we talked

2   about that you were charged with Simple Robbery?

3   THE DEFENDANT:  Right.

4   MR. KLAS:  And the county attorney then, after some

5   negotiations, came into court and amended that to

6   Aggravated Robbery.

7         Now, the county attorney is saying that if you

8   plead guilty it will dismiss the charge of Aggravated

9   Robbery, if you plead guilty to Simple Robbery.  So now are

10  standing before the --

11  THE DEFENDANT:  Oh, yeah.  I understand.

12  MR. KLAS:  You're going to plead guilty to Simple

13  Robbery?

14  THE DEFENDANT:  To Simple Robbery.

15  THE COURT:  All right.  So you understand that

16  agreement now?

17  THE DEFENDANT:  Yes, I do.

18  THE COURT:  Other than that agreement, has anyone

19  promised you anything or threatened you in any way to get

20  you to plead guilty?

21  THE DEFENDANT:  They said I might not be having to go

22  to jail.

23  THE COURT:  Okay.  Well, who said that you might not

24  have to go to jail?

25  THE DEFENDANT:  My attorney.

Second Judicial District - April 25, 1990                5

Theodore Stevie Varner - File No. 4675113

1   Varner, and I would certainly advise you to take it.

2   You're the one that has to make the decision.  But I would

3   certainly advise you to take this offer.

4       THE DEFENDANT:  Yes, sir.  I plead guilty to Simple

5   Robbery.

6       THE COURT:  Okay.  Well, let me go through this

7   information then.

8           All right.  Let's rearraign Mr. Varner on the

9   Simple Robbery charge.

10          Will you waive the reading of the complaint, Mr.

11  Klas?

12      MR. KLAS:  Yes, Your Honor, we waive a reading.

13      THE CLERK:  Please state your full name.

14      THE DEFENDANT:  My name is Theodore Stevie Varner.

15      THE CLERK:  And spell your last name.

16      THE DEFENDANT:  V-a-r-n-e-r.

17      THE CLERK:  What is your date of birth?

18      THE DEFENDANT:  5/13/68.

19      THE CLERK:  What say you, Theodore Stevie Varner, to

20  the complaint charging you with Simple Robbery; guilty or

21  not guilty?

22      THE DEFENDANT:  Guilty of Simple Robbery.

23      THE COURT:  Now, Mr. Varner, please step over here to

24  the witness stand and remain standing for a moment when you

25  get over there.

Second Judicial District - April 25, 1990

8

Theodore Stevie Varner - File No. 4675113

1   Q   Your attorney, Mr. Klas, is present in court with you

2       today, is that correct?

3   A   Yes.

4   Q   And have you discussed this case with him before coming to

5       court today?

6   A   I talked to him briefly.

7   Q   Do you feel that you fully understand what's going on in

8       this case and that you have read the attachments to the

9       complaint and you discussed the case with him before coming

10      to court?

11   A   Yes.

12   Q   You're pleading guilty today to the offense of Simple

13      Robbery.  Do you understand what that crime means?

14   A   In a sense.

15   Q   Well, you read the complaint.  And did you understand what

16      was contained on the complaint?

17   A   Yes, I did.

18   Q   You understand that by law the maximum sentence which may

19      be imposed upon you is a period of ten years.  However, the

20      judge has made some comments earlier about what his

21      inclination is in terms of sentencing.

22          But you understand the maximum sentence is ten

23      years, is that correct?

24   A   Yes.  But that's with prior convictions, though, right?

25        MR. KLAS:  Maybe you should explain the sentencing

Theodore Stevie Varner – File No. 4675113

1  Q  Well, --

2  A  No.

3  Q  All right.  Are you pleading guilty of your own free will?

4  A  Yes, I am.

5  Q  And because you believe that you are guilty of this

6     offense?

7  A  Yes, I do.

8  Q  Thank you.

9        MR. ROBINSON:  I have nothing further, Your Honor.

10       MR. KLAS:  I have nothing further, Your Honor.

11       THE COURT:  Based upon the defendant's answers to the

12   questions asked of him, I find that he fully understands

13   the offense to which he has entered his plea, that he fully

14   understands the plea agreement and his legal and

15   constitutional rights, that he has freely and voluntarily

16   entered his plea, and that he has admitted the essential

17   elements of Simple Robbery.  Therefore, I will accept the

18   plea.

19       I'm going to order a presentence investigation and

20   set sentencing for June 5, 1990 at one-thirty in the

21   afternoon in this courtroom.

22       Someone from the probation department will contact

23   you, Mr. Varner, and you cooperate with them so I can get

24   the information I'm going to need.  And we will see you

25   back here on the 5th of June.  Okay?

Theodore Stevie Varner – File No. 4675713

1      MR. KLAS:  No, Your Honor.

2      MR. GREGG:  No, Your Honor.

3      THE COURT:  Does the State have anything further, Mr.

4 Gregg?

5      MR. GREGG:  No, Your Honor.

6      THE COURT:  Mr. Klas, anything?

7      MR. KLAS:  No, Your Honor.

8      THE COURT:  Mr. Varner, anything you would like to say?

9      THE DEFENDANT:  Well, I'm ready go home now.

10      THE COURT:  I'm sure.

11      THE DEFENDANT:  I am tired of being bad.

12      THE COURT:  For good?

13      THE DEFENDANT:  For good, man.  I'm through.

14      THE COURT:  You know how to do it, right?

15      THE DEFENDANT:  I know I want to get a job, man.

16      THE COURT:  Okay.  All right.  I know you can do it.

17 You just have to do it.

18      THE DEFENDANT:  Yeah.

19      THE COURT:  Okay.

20              **S E N T E N C E**

21      You, Theodore Stevie Varner, having entered a plea

22 of guilty in open court on April 25, 1990 to the crime of

23 Simple Robbery as charged in a complaint filed in this

24 court on November 13, 19989 in File No. 4675713; now,

25 therefore,

Theodore Stevie Varner - File No. 4675713

1       In addition, I'm going to require that you serve

2   108 days in the Ramsey County Correctional Facility.  I'm

3   going to give you credit for the 108 days you have already

4   served, so there is no further time for you to serve as

5   long as you comply with the conditions of your probation.

6       And as soon as we're finished here and they take

7   you back down and get your regular clothes and sign you out

8   you're free to go on this matter.

9       I assume there is nothing else holding you.

10    MR. GREGG:  What is the period of probation, Your

11  Honor?

12    THE COURT:  Ten years.

13      I'm also going to require that Mr. Varner pay

14  $200.00 restitution through the probation department

15  according to a schedule set by them.

16      And that he have no contact with Bradley Froelich

17  or his family members, either in person or through letters,

18  telephone, through anybody else, or in any other way.

19      That he pay an assessment of $25.00 to the Clerk

20  of District Court on or before August 1, 1990.

21      The record should reflect also apparently the

22  original complaint or a complaint charging Aggravated

23  Robbery is to be dismissed.

24      Is that correct, Mr. Gregg?

25    MR. GREGG:  Yes, Your Honor.

Theodore Stevie Varner – File No. 4675713

1    MR. KLAS:  There may be some technical -- the simple

2  robbery was amended to aggravated and then they didn't

3  charge the agg. so --

4    THE COURT:  Everything but what I just sentenced him on

5  is dismissed.

6    THE DEFENDANT:  So I'm on probation for ten years?

7    THE COURT:  We will start you out at ten years.  You

8  may, if you behave yourself, we'll let you off a little

9  early.

10     Okay.  Good luck.

11    THE DEFENDANT:  All right.  Thank you, Your Honor.

12    MR. KLAS:  Thank you, Your Honor.

13    THE DEFENDANT:  You have a nice evening.

14    THE COURT:  All right.

15

16

17  Dated:  June 5, 1990

18

19

20

21

22

23

24

25

<u>EXHIBIT "B"</u>

<u>Record  of Felony Convictions</u>

    (1)  June, 1989
         Minnesota, Ramsey County
         Simple Robbery

    (2)  September, 1994
         Minnesota, Ramsey County
         Third Degree Sale of Controlled Substance

    (3)  September, 2002
         Minnesota, Ramsey County
         Third Degree Sale of Controlled Substance

*The above convictions can be substantiated and proven by the Government/Respondent's own records.

EXHIBIT "C"

Excerpt from instant case Pre-Sentence Investigation Report (PSR)

--------------

The following photocopy of page 6 of Petitioner's PSR report clearly indicates in paragraph 27 the plain error and incorrect listing of Petitioner's SIMPLE ROBBERY conviction as aggravated robbery.

Said error resulted in an incorrect designation as an armed career criminal under the ACCA, thereby wrongly and substantially increasing Petitioner's sentence of incarceration to his extreme detriment.

Re: Theodore Stevie Varner

27.  11/14/1989  Aggravated          04/25/1990:  Pled guilty              §4A1.2(e)(3)
                 Robbery (felony),   06/05/1990:  Sentenced to
                 Ramsey County       27 months confinement stayed,
                 District Court,     to serve 108 days jail, 10 years
                 St. Paul, MN        probation
                 (4675713)           10/19/1990:  Probation violation
                                     hearing
                                     01/08/1991:  Probation violation
                                     hearing, to serve 8 days jail
                                     05/02/1991:  Probation violation
                                     hearing, to serve 15 days jail
                                     10/17/1991:  Probation violation
                                     hearing, 27 months imposed
                                     01/09/1994:  Discharged from
                                     custody                                          **0**

The defendant was represented by Daniel Klas. The defendant was initially charged with two felony counts of Simple Robbery and Aggravated Robbery. The charge was amended to Aggravated Robbery. According to the criminal complaint, on June 20, 1989, the defendant, along with another individual who possessed a firearm, robbed two individuals in St. Paul, Minnesota, for a total of $203.

The Minnesota statute of conviction was 609.245. Pursuant to §4B1.4, it appears this offense is a predicate offense for purposes of Armed Career Criminal.

28.  02/22/1991  No Proof of         06/25/1991:  Pled guilty, sentenced   §4A1.2(c)(2)
                 Insurance (misd),   to 90 days stayed for 1 year, $100
                 Hennepin County     fine stayed, and community service
                 District Court,     (hours unknown)
                 Minneapolis, MN
                 (CR9138559)                                                          **0**

Due to the nature of the offense, additional records were not requested.

29.  08/14/1993  False Information to 08/17/1993:  Pled guilty, sentenced  §4A1.2(e)(3)
                 Police (misd),      to serve 30 days jail
                 Ramsey County
                 District Court, St.
                 Paul, MN
                 (K4932099)                                                           **0**

6

EXHIBIT "D"

(1)  Partial list of 8th Circuit remanded, reversed or vacated cases

U.S. v. McFee, 842 F.3d 572, 2016
U.S. v. Headbird, 832 F.3d 844, 2016
U.S. v. Willoughby, 653 F.3d 738, 2011
U.S. v. Thornton, 766 F.3d 875, 2014
U.S. v. Walker, 555 F.3d 716, 2008
U.S. v. Brown, 795 F.3d 924, 2015
U.S. v. Shockley, 816 F.3d 1058, 2015
U.S. v. Walker, 840 F.3d 477, 2016
U.S. v. Gordon, 557 F.3d 623, 2008
U.S. v. Goodwin, 669 Fed Appx 317, 2016
U.S. v. Bankhead, 746 F.3d 323, 2013
U.S. v. Furgueron, 605 F.3d 612, 2010
U.S. v. Tucker, 740 F.3d 1177, 2013

(2)  Example list of remanded, reversed or vacated cases for other circuits

U.S. v. Dahl, 833 F.3d 345 (3rd Cir 2016)
U.S. v. White, 836 F.3d 437 (4th Cir. 2016)
U.S. v. O'Connor, No.16-3300 (10th Cir. Oct.30, 2017)
    *and literally hundreds of others...

(3)  Other

    This list also shall incorporate all cases referenced and cited herein
the foregoing Habeas Motion, and includes by inference hundreds of such cases
from all other circuits.

## EXHIBIT "E" – SENTENCING GUIDELINES

| Offense Level | Criminal History Category (Criminal History Points) | | | | | |
|---|---|---|---|---|---|---|
| | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
| **Zone A** 1 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 |
| 2 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 | 1–7 |
| 3 | 0–6 | 0–6 | 0–6 | 0–6 | 2–8 | 3–9 |
| 4 | 0–6 | 0–6 | 0–6 | 2–8 | 4–10 | 6–12 |
| 5 | 0–6 | 0–6 | 1–7 | 4–10 | 6–12 | 9–15 |
| 6 | 0–6 | 1–7 | 2–8 | 6–12 | 9–15 | 12–18 |
| 7 | 0–6 | 2–8 | 4–10 | 8–14 | 12–18 | 15–21 |
| 8 | 0–6 | 4–10 | 6–12 | 10–16 | 15–21 | 18–24 |
| **Zone B** 9 | 4–10 | 6–12 | 8–14 | 12–18 | 18–24 | 21–27 |
| 10 | 6–12 | 8–14 | 10–16 | 15–21 | 21–27 | 24–30 |
| 11 | 8–14 | 10–16 | 12–18 | 18–24 | 24–30 | 27–33 |
| **Zone C** 12 | 10–16 | 12–18 | 15–21 | 21–27 | 27–33 | 30–37 |
| 13 | 12–18 | 15–21 | 18–24 | 24–30 | 30–37 | 33–41 |
| 14 | 15–21 | 18–24 | 21–27 | 27–33 | 33–41 | 37–46 |
| 15 | 18–24 | 21–27 | 24–30 | 30–37 | 37–46 | 41–51 |
| 16 | 21–27 | 24–30 | 27–33 | 33–41 | 41–51 | 46–57 |
| 17 | 24–30 | 27–33 | 30–37 | 37–46 | 46–57 | 51–63 |
| 18 | 27–33 | 30–37 | 33–41 | 41–51 | 51–63 | 57–71 |
| 19 | 30–37 | 33–41 | 37–46 | 46–57 | 57–71 | 63–78 |
| 20 | 33–41 | 37–46 | 41–51 | 51–63 | 63–78 | 70–87 |
| 21 | 37–46 | 41–51 | 46–57 | 57–71 | 70–87 | 77–96 |
| 22 | 41–51 | 46–57 | 51–63 | 63–78 | 77–96 | 84–105 |
| 23 | 46–57 | 51–63 | 57–71 | 70–87 | 84–105 | 92–115 |
| 24 | 51–63 | 57–71 | 63–78 | 77–96 | 92–115 | 100–125 |
| 25 | 57–71 | 63–78 | 70–87 | 84–105 | 100–125 | 110–137 |
| 26 | 63–78 | 70–87 | 78–97 | 92–115 | 110–137 | 120–150 |
| 27 | 70–87 | 78–97 | 87–108 | 100–125 | 120–150 | 130–162 |
| **Zone D** 28 | 78–97 | 87–108 | 97–121 | 110–137 | 130–162 | 140–175 |
| 29 | 87–108 | 97–121 | 108–135 | 121–151 | 140–175 | 151–188 |
| 30 | 97–121 | 108–135 | 121–151 | 135–168 | 151–188 | 168–210 |
| 31 | 108–135 | 121–151 | 135–168 | 151–188 | 168–210 | 188–235 |
| 32 | 121–151 | 135–168 | 151–188 | 168–210 | 188–235 | 210–262 |
| 33 | 135–168 | 151–188 | 168–210 | 188–235 | 210–262 | 235–293 |
| 34 | 151–188 | 168–210 | 188–235 | 210–262 | 235–293 | 262–327 |
| 35 | 168–210 | 188–235 | 210–262 | 235–293 | 262–327 | 292–365 |
| 36 | 188–235 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 |
| 37 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life |
| 38 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life | 360–life |
| 39 | 262–327 | 292–365 | 324–405 | 360–life | 360–life | 360–life |
| 40 | 292–365 | 324–405 | 360–life | 360–life | 360–life | 360–life |
| 41 | 324–405 | 360–life | 360–life | 360–life | 360–life | 360–life |
| 42 | 360–life | 360–life | 360–life | 360–life | 360–life | 360–life |
| 43 | life | life | life | life | life | life |