UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

                                         Case No. 10-cr-294 (JNE/FLN)
v.                                       Case No. 18-cv-496 (JNE)
                                         ORDER

Theodore Stevie Varner,

       Defendant.

In March 2011, a jury found Defendant guilty of the crime of being a felon in possession of a firearm. The Court sentenced him to 235 months' imprisonment. Defendant appealed, and the Eighth Circuit affirmed. *United States v. Varner*, 678 F.3d 653 (8th Cir. 2012).

In January 2013, Defendant moved for a new trial. Two months later, the Court denied his motion.

In August 2013, Defendant moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In December 2013, the Court denied his § 2255 motion and denied a certificate of appealability. Defendant appealed. The Eighth Circuit denied his application for a certificate of appealability and dismissed his appeal. Defendant filed a petition for a writ of certiorari, which the Supreme Court denied.

In December 2015, Defendant petitioned the Eighth Circuit for permission to file a second or successive § 2255 motion. In June 2016, the Eighth Circuit denied Defendant's petition.

1

In February 2018, Defendant filed a Habeas Motion, as well as an Application to Proceed in District Court without Prepaying Fees or Costs.  In the first paragraph of his Habeas Motion, Defendant asserted that Rule 60(b) of the Federal Rules of Civil Procedure, 18 U.S.C. § 3742(a), Rule 33 and Rule 52 of the Federal Rules of Criminal Procedure, 28 U.S.C. § 2241, 28 U.S.C. § 2255, the U.S. Constitution, "and any or all other applicable federal rules and statutes" vest jurisdiction in this Court "to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'"

The next month, the Court noted that Defendant had "filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence."  The Court ordered the government to respond by April 2, 2018.

Later in March, the Court received Defendant's "Notice of Mischaracterization of Petitioner's Habeas Motion Pursuant to Fed. R. Civ. P. Rule 60(b), and Demand for Adjudication under Rule 60(b)."  Defendant asserted that he intended to bring the Habeas Motion under Rule 60(b) of the Federal Rules of Civil Procedure; that the Court recharacterized the motion as a § 2255 motion without giving him the warnings set forth in *Castro v. United States*, 540 U.S. 375 (2003); and that the motion should be considered as a Rule 60(b) motion.

The government moved to dismiss Defendant's Habeas Motion.  The government asserted that the Eighth Circuit did not authorize Defendant to file a second or successive § 2255 motion, that Defendant's Habeas Motion is a successive § 2255 motion, and that Defendant's Habeas Motion should be dismissed.

The limitation on "lower courts' recharacterization powers" that the Supreme Court imposed in *Castro* "applies when a court recharacterizes a pro se litigant's motion as a *first* § 2255 motion." 540 U.S. at 383 (emphasis added). The limitation does not apply here because Defendant's Habeas Motion was not recharacterized as his first § 2255 motion. *See United States v. Carranza*, 467 F. App'x 543, 543-44 (8th Cir. 2012) (per curiam).

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam). Defendant's Habeas Motion is a second or successive § 2255 motion that Defendant filed without authorization from the Eighth Circuit. The Court therefore dismisses Defendant's Habeas Motion. *See id.*; *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). The Court denies his motion to amend or correct the characterization of his Habeas Motion, as well as his application to proceed without prepaying fees or costs. A certificate of appealability is denied. *See Lambros*, 404 F.3d at 1036-37.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The United States' Motion to Dismiss Defendant's Habeas Motion [Docket No. 115] is GRANTED.

2. Defendant's Habeas Motion [Docket No. 111] is DISMISSED.

3. Defendant's application to proceed without prepaying fees or costs [Docket No. 112] is DENIED.

3

4. Defendant's motion to amend or correct the characterization of his Habeas Motion [Docket No. 114] is DENIED.

5. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 11, 2018

                                                s/ Joan N. Ericksen  
                                                JOAN N. ERICKSEN  
                                                United States District Judge