UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

                                 Case No. 10-cr-294 (JNE/HB)
v.                                    ORDER

Theodore Stevie Varner,

      Defendant.

This case is before the Court on a joint motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant is currently imprisoned by the Bureau of Prisons ("BOP") at the medium security Federal Correctional Institution in Allenwood, Pennsylvania ("FCI-Allenwood Medium"). For the reasons discussed below, the motion is granted and Defendant's sentence is reduced to time served.

In March 2011, a jury found Defendant guilty of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Defendant was charged with this crime after police found him in possession of a handgun. *See* Presentence Investigation ("PSI") ¶ 5. The police were responding to a call reporting a man with a firearm. *Id.* When the police encountered Defendant in a vehicle and instructed the driver to stop, Defendant fled on foot. *Id.* The police apprehended him and found a handgun in the alley through which he had fled. *Id.*

At sentencing, the Court determined that Defendant's guideline range was 235 to 293 months and sentenced him to 235 months in the custody of the BOP. BOP records indicate that while in prison, Defendant has had one disciplinary incident for engaging in

a group demonstration in April 2020. Defendant has participated in extensive rehabilitative programming, has served as a companion for inmates at risk of suicide, and has worked as a barber. He requested home confinement from the BOP while imprisoned at the Allenwood low security facility and the request was denied in April 2020. He filed a pro se motion for compassionate release in October 2020 and the government and Defendant filed a joint motion for compassionate release on January 29, 2021.[1] The Probation Office has approved Defendant's proposed release plan.

At FCI-Allenwood Medium, the BOP reports 2 active COVID-19 cases among inmates, 0 deaths and 565 recoveries. *See COVID-19*, BOP, https://www.bop.gov/ coronavirus (last visited Feb. 1, 2021). Defendant's medical records indicate that he has active diagnoses of type 2 diabetes, hyperlipidemia, and hypertension. Type 2 diabetes is a condition that, according to the CDC, increases the risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020). He also has a history of ambulatory issues resulting from a back injury, had a fall within the past year, and uses a cane or wheelchair at times.

A court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Compassionate release is an exception to this rule and allows a court to reduce a sentence for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i). Even where a defendant presents such reasons, the Court must also consider whether the

---

[1]    Because the joint motion requests the same relief as Defendant's pro se motion and Defendant is now represented by counsel, the Court will rule on the joint motion, ECF No. 137, and direct the Clerk of Court to terminate the pro se motion, ECF No. 129.

sentencing factors in 18 U.S.C. § 3553(a) support a release. *Id.*; *see United States v. Rodd*, 966 F.3d 740, 747–48 (8th Cir. 2020). Finally, the court may only grant a reduction if it would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[2]

Here, the Court agrees with the parties that Defendant's medical condition would put him at serious risk should he contract COVID-19. His particular circumstances present "extraordinary and compelling reasons" for a sentence reduction. Additionally, the Court agrees with the parties that the sentencing factors in 18 U.S.C. § 3553(a) do not counsel against release. Therefore, Defendant's sentence is reduced to time served. Although the parties have requested that the Court convert the remainder of his sentence to a term of supervised release, the Court finds that the five-year term of supervised release imposed at sentencing will be sufficient. The conditions of supervised release shall remain unchanged.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.      The parties' Joint Motion to Reduce Sentence [ECF No. 137] is
        GRANTED.

---

[2]      The statute also contains an administrative exhaustion requirement, but the government has not raised that issue here. *See* 18 U.S.C. § 3582(c)(1)(A). The Court agrees with the Sixth Circuit that the exhaustion requirement is a claim-processing rule that must be enforced, but only if the issue is raised. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *see also United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020) (adopting the reasoning from *Alam*). Because the government has not raised the issue, the Court need not address it here. *See Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (explaining that claim-processing rules may be waived).

2.      Defendant's sentence is reduced to time served.

3.      The Clerk of Court is directed to terminate ECF No. 129.

4.      There being a verified residence and an appropriate release plan in place, this order is STAYED for up to fourteen days to make appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for him to travel. There shall be no delay in ensuring travel arrangements are made.

5.      All other terms of this Court's July 27, 2011 judgment shall remain in effect, including the conditions of supervised release described therein. Defendant's term of supervised release remains unchanged and shall commence upon his release from the custody of the BOP.

Dated: February 2, 2021

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge